IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL JOHNSON,

                              OPINION and ORDER

          Plaintiff,

                               18-cv-184-bbc

    v.

SCOTT ECKSTEIN, JIM SCHWOCHERT,
STEVEN SCHUELER, JOHN KIND, MICHAEL SCHULTZ,
CHRISTOPHER STEVENS, JAY VAN LANEN,
WILLIAM SWIEKATOWSKI, JAMES ELSINGER,
DARCY STEVENS, CHRIS HEIL and CPT. BAUMAN,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Michael Johnson is incarcerated at the Green Bay Correctional Institution. He filed this proposed civil action under 42 U.S.C. § 1983, contending that staff at the institution violated his rights under the First, Eighth and Fourteenth Amendments in various ways. Because plaintiff is incarcerated, his complaint must be screened under 28 U.S.C. § 1915A. Also before the court is plaintiff's motion for temporary injunctive relief. Dkt. #9.

I cannot conduct the required screening because plaintiff's complaint violates Rule 20 of the Federal Rules of Civil Procedure. Rule 20 prohibits litigants from bringing unrelated claims against different defendants in a single action. As explained in more detail below, plaintiff's complaint contains four, unrelated lawsuits against various defendants. Accordingly, plaintiff must choose which lawsuit he wishes to pursue as Case No. 18-cv-184-

1

bbc. Once plaintiff has made his selection, I will then screen the relevant claims under 28 U.S.C. § 1915A. The other, unrelated claims will be dismissed without prejudice, which means that plaintiff may bring them in new, separate lawsuits. Plaintiff's motion for temporary injunctive relief will be denied.

OPINION

Fed. R. Civ. P. 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless the plaintiff: (1) asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences; and (2) presents questions of law or fact common to all. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff's complaint includes many claims against different defendants concerning retaliation for refusing to cooperate with prison investigations and for filing inmate complaints, deliberate indifference to a substantial risk of serious harm, due process violations in three different disciplinary hearings, the denial of telephone communication with his family and friends, the conditions of confinement in segregation and the denial of certain religious items necessary to practice his Muslim faith.

Although Fed. R. Civ. P. 18 allows a party to join unrelated claims against defendants in a single suit, this rule applies only after Rule 20's requirements for joinder of parties have been satisfied. Intercon Research Association, Ltd. v. Dresser Industries, Inc., 696 F.2d 53, 57 (7th Cir. 1983). This means that the core set of allowable defendants must be

2

determined under Rule 20 before a plaintiff may join additional unrelated claims against one or more of those same defendants under Rule 18. Fed. R. Civ. P. 18(a).

Applying Rules 18 and 20 to plaintiff's complaint, his allegations may be grouped into three possible, separate lawsuits consisting of the following claims:

**Lawsuit #1**: Plaintiff's claims that defendant Van Lanen was deliberately indifferent to plaintiff's conditions of confinement in segregation, including continuous noise from a group of inmates called the "cranks," poor air quality from the staff's daily use of tear gas in the unit and the lack of an inside recreation area.

**Lawsuit #2**: Plaintiff's claims that several defendants retaliated against him in the following ways for refusing to cooperate in the investigation and reduction of gang violence in the prison or for complaining about the retaliation:

(1) issuing plaintiff three conduct reports (##2902164, 2942095 and 2922533) for which he received three separate disciplinary hearings, during which he did not receive due process and was sentenced to significant periods of disciplinary separation;

(2) falsely accusing plaintiff of ordering gang hits, which placed him at a substantial risk of serious harm from other inmates and staff;

(3) demoting plaintiff's ranking in the behavior modification step program, which deprived him of certain privileges; and

(4) monitoring plaintiff's mail.

**Lawsuit #3**: Plaintiff's claim that a policy instituted by defendant Security Director Kind and approved by defendant Warden Eckstein denied him access to his religious materials in the restrictive housing unit since January 2017.

**Lawsuit #4**: Plaintiff's claim that defendant Chris Heil, a social worker, denied him

3

access to the telephone in segregation, preventing him from having any contact with his family and friends.

Although plaintiff may believe that all of his claims are related because they stem from the same alleged gang activity, defendants' beliefs that plaintiff is a gang leader or plaintiff's frequent use of the inmate complaint system, a review of the complaint shows that there is no clear connection among them that would satisfy Rule 20. A review of plaintiff's allegations shows that even if there is some overlap among the various lawsuits, there are no important questions of law or fact common to all of them or all of the defendants. Fed. R. Civ. P. 20 (joinder of defendants permissible only if there is a "question of law or fact common to all defendants"). Instead, the claims in each of plaintiff's four possible lawsuits involve distinct incidents that occurred at different times and involved a different core set of defendants.

In addition, it is not enough that plaintiff has named Warden Eckstein and Security Director Kind as defendants in most of his claims. Plaintiff's allegations that he complained to Eckstein and Kind about the conduct of other staff members do not support a conclusion that these defendants were personally involved in all of the transactions, occurrences or series of transactions relevant to each of the above-identified lawsuits. Supervisors may be liable under 42 U.S.C. § 1983 only if they are "personally responsible for the deprivation of the constitutional right." Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001) (quoting Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995)). Further, even though plaintiff alleges that defendant Kind had personal involvement in denying him access to a

4

witness at two disciplinary hearings (lawsuit #2) and denying him religious items (lawsuit #3), those incidents are wholly unrelated and do not warrant including those events in the same lawsuit.

Because Rule 20 prohibits plaintiff from proceeding with all of his claims in the same lawsuit, he will have to choose which of these distinct claims he wants to pursue in this lawsuit. The court will then assign that lawsuit to this case number and apply to it the initial, partial payment that plaintiff has already made. Plaintiff may choose to pursue his other claims as well, but must do so separately, paying a separate filing fee for each additional lawsuit he chooses to pursue. In addition, plaintiff may be subject to a separate "strike" under 28 U.S.C. § 1915(g) for any such lawsuit that is dismissed for failure to state a claim upon which relief may be granted. (Once a prisoner receives three strikes, he is not able to proceed in new lawsuits without first paying the full filing fee, except in very narrow circumstances. 28 U.S.C. § 1915(g).) Alternatively, plaintiff may choose to dismiss one or more of his other possible lawsuits. If he chooses this route, he will owe no additional filing fee and he will not face a strike for filing these lawsuits. A lawsuit dismissed voluntarily would be dismissed without prejudice, so plaintiff would be able to bring it at another time, so long as he files it before any applicable statute of limitations has run.

Because it is not clear at this time which of his separate lawsuits plaintiff will pursue, he should be aware that I have not reached any opinion about the merits of any claims raised in any of the lawsuits outlined above. Once plaintiff identifies the suit or suits he wants to continue to litigate, I will screen those claims as required under 28 U.S.C. § 1915A. Because

plaintiff faces filing fees and potential strikes for each lawsuit pursued, he should consider carefully the merits and relative importance of each of his potential lawsuits before informing the court how he chooses to proceed with respect to some or all of them. If plaintiff disagrees with the way the court has grouped his claims or if he believes the court has left out claims he intended to assert or that it has included claims he did not intend to assert, he may also raise those objections in his response, provided he still complies with this order and chooses which of the three lawsuits he chooses to pursue. If he fails to do this, the court will have no choice but to dismiss all of his claims for his failure to prosecute the case.

### B. Motion for Temporary Injunctive Relief

Plaintiff has filed a motion for temporary injunctive relief in which he asks for a court order allowing him access to ink pens in the restrictive housing unit. Plaintiff alleges that the library clerk at the prison refuses to electronically file documents filled out in crayon or pencil, denying him access to the court. I will deny plaintiff's requests for preliminary injunctive relief at this time.

First, plaintiff's motion is procedurally defective because it fails to comply with this court's procedure for obtaining preliminary injunctive relief, a copy of which will be provided to plaintiff with this order. Under these procedures, a plaintiff must file and serve proposed findings of fact that support his claims, along with any evidence that supports those proposed findings. Plaintiff has neither submitted proposed findings of fact nor any evidence to support those findings.

Second, even if plaintiff's motion was not facially flawed, I would deny it on the merits at this time. To prevail on a motion for a preliminary injunction, plaintiff must show: (1) a likelihood of success on the merits of his case; (2) a lack of an adequate remedy at law; and (3) an irreparable harm that will result if the injunction is not granted. Lambert v. Buss, 498 F.3d 446, 451 (7th Cir. 2007). Plaintiff was able to file his complaint in this case and has not explained why he cannot access the court by mailing any future filings instead of using the electronic filing system. Accordingly, he is not entitled to injunctive relief at this time.

ORDER

IT IS ORDERED that

1. Plaintiff Michael Johnson may have until July 20, 2018, to identify for the court which of the numbered lawsuits identified above he wishes to litigate under the number assigned to this case. Plaintiff must pick one and only one of these lawsuits to go forward under Case No. 18-cv-184-bbc.

2. Plaintiff may have until July 20, 2018, to advise the court whether he wishes to pursue any of the other lawsuits under separate case numbers. If he does choose to go forward on more than one suit at this time, he should be prepared to make a partial payment of the filing fee for each of the additional lawsuits that he wishes to pursue. Any lawsuit not specifically identified to proceed will be deemed voluntarily withdrawn.

3. If plaintiff fails to respond to this order in any way by July 20, 2018, the court will

Second, even if plaintiff's motion was not facially flawed, I would deny it on the merits at this time. To prevail on a motion for a preliminary injunction, plaintiff must show: (1) a likelihood of success on the merits of his case; (2) a lack of an adequate remedy at law; and (3) an irreparable harm that will result if the injunction is not granted. Lambert v. Buss, 498 F.3d 446, 451 (7th Cir. 2007). Plaintiff was able to file his complaint in this case and has not explained why he cannot access the court by mailing any future filings instead of using the electronic filing system. Accordingly, he is not entitled to injunctive relief at this time.

ORDER

IT IS ORDERED that

1. Plaintiff Michael Johnson may have until July 20, 2018, to identify for the court which of the numbered lawsuits identified above he wishes to litigate under the number assigned to this case. Plaintiff must pick one and only one of these lawsuits to go forward under Case No. 18-cv-184-bbc.

2. Plaintiff may have until July 20, 2018, to advise the court whether he wishes to pursue any of the other lawsuits under separate case numbers. If he does choose to go forward on more than one suit at this time, he should be prepared to make a partial payment of the filing fee for each of the additional lawsuits that he wishes to pursue. Any lawsuit not specifically identified to proceed will be deemed voluntarily withdrawn.

3. If plaintiff fails to respond to this order in any way by July 20, 2018, the court will

enter an order dismissing the lawsuit as it presently exists without prejudice for plaintiff's failure to prosecute it.

    4. Plaintiff's motion for temporary injunctive relief, dkt. #9, is DENIED.

Entered this 9th day of July, 2018.

                      BY THE COURT:

                        /s/
                        _____
                        BARBARA B. CRABB
                        District Judge